Rigoberto GONZALEZ–QUEVEDO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–70453.

INS No. A70–779–177.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided July 28, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Rigoberto Gonzalez–Quevedo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's determination that an applicant has not proven eligibility for asylum or withholding of removal for substantial evidence. *Cardenas v. INS,* 294 F.3d 1062, 1065 (9th Cir.2002); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Therefore, we must uphold its decision unless Gonzalez–Quevedo shows that the evidence not only supports reversal, but compels it. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Because Gonzalez–Quevedo has failed to produce any evidence showing that the guerrillas have imputed or would impute any political beliefs to him, substantial evidence supports the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution on account of imputed political opinion. Even assuming, *arguendo,* that it is true that guerrilla organizations forcibly attempted to recruit Gonzalez–Quevedo, that fact is insufficient to compel a finding of persecution on account of political opinion where, as here, there is no evidence of discriminatory purpose. *See Pedro–Ma-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*teo,* 224 F.3d at 1151 (citing *Elias–Zacarias,* 502 U.S. at 482–83, 112 S.Ct. 812).

Gonzalez–Quevedo does not satisfy the standard for asylum, therefore, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo,* 224 F.3d at 1150.

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the